**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ARTURO SALAZAR-CASILLAS, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-6054 <br><br> Agency No. A201-160-508 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 21, 2026
Phoenix, Arizona

Before: GOULD, BERZON, and HURWITZ, Circuit Judges.

Petitioner Jose Arturo Salazar-Casillas ("Salazar"), a native and citizen of

Mexico, seeks review of a decision by the Board of Immigration Appeals ("BIA"):

(1) dismissing his appeal from an order of an Immigration Judge ("IJ")

pretermitting his application for cancellation of removal; and (2) denying his

request for administrative closure. We have jurisdiction under 8 U.S.C. § 1252. We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

deny the petition for review.

1. The BIA held that Salazar waived his challenge to the IJ's pretermission of his application for cancellation of removal because, although he raised his cancellation argument in his notice of appeal to the BIA, he did not include it in a subsequent brief. We review the BIA's ruling de novo. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019).

A petitioner is not required to file an appeal brief before the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *see* 8 C.F.R. § 1003.38(f). "But when a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Abebe*, 554 F.3d at 1208. The petitioner waives any argument not "raised and argued in his brief before the BIA." *Id.* Because Salazar's brief before the BIA did not challenge the IJ's pretermission of his application for cancellation of removal, that challenge was waived.

2. When the BIA evaluates a request for administrative closure, it "shall consider the totality of the circumstances," including, if relevant:

(A) The reason administrative closure is sought;
(B) The basis for any opposition to administrative closure;
(C) Any requirement that a case be administratively closed in order for a petition, application, or other action to be filed with, or granted by, DHS;
(D) The likelihood the alien will succeed on any petition, application, or other action that the alien is pursuing, or that the alien states in

writing or on the record at a hearing that they plan to pursue, outside of proceedings before the Board;

(E) The anticipated duration of the administrative closure;

(F) The responsibility of either party, if any, in contributing to any current or anticipated delay;

(G) The ultimate anticipated outcome of the case pending before the Board; and

(H) The ICE detention status of the alien.

8 C.F.R. § 1003.1(l)(3); *see also Ruiz v. Bondi*, 163 F.4th 586, 601 (9th Cir. 2025). "No single factor is dispositive." 8 C.F.R. § 1003.1(l)(3). We review the denial of a request for administrative closure for abuse of discretion. *Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022).

The BIA addressed the relevant factors. It addressed the first factor—"[t]he reason administrative closure is sought"—by acknowledging Salazar's argument that he is not an enforcement priority. 8 C.F.R. § 1003.1(l)(3)(i)(A). The BIA also emphasized the lack of evidence of any pending application for relief for which Salazar was eligible, which relates to factors D and G—"[t]he likelihood the alien will succeed on any . . . action that the alien is pursuing, or that . . . they plan to pursue" and "[t]he ultimate anticipated outcome of the case pending before the Board." 8 C.F.R. § 1003.1(l)(3)(i)(D), (G). The remaining factors are not relevant to Salazar's case, so the BIA did not err by not addressing them. The BIA did not expressly identify which factors it considered, but it was not required to do so. "Although we have required the Board to provide more than mere conclusory statements, all that is necessary is a decision that sets out terms sufficient to enable

us as a reviewing court to see that the Board has heard, considered, and decided."

*Rodriguez-Matamoros v. I.N.S.*, 86 F.3d 158, 160 (9th Cir. 1996) (internal

quotation marks and citation omitted). The BIA's discussion of the relevant factors

was sufficient to demonstrate that it considered Salazar's arguments and that it did

not abuse its discretion by denying his request for administrative closure.

**PETITION DENIED.**[1]

---

[1] The stay of removal will vacate on issuance of the mandate.